Electronically Filed - Jackson - Independence - February 07, 2022 - 10:37 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **JUSTIN LAYTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **CITY OF INDEPENDENCE,** | ) |
| **MISSOURI; TANNER PHILIP** | ) |
| **#1670, individually; LOGAN DALE** | ) **Case No.** |
| **#1636, individually; TAYLOR COX** | ) **Division** |
| **#1661, individually; LACY GIBSON** | ) |
| **#1641, individually; and CHIEF OF** | ) |
| **POLICE BRAD HALSEY, in his** | ) |
| **individual and official capacity.** | ) |
| | ) |
| **Defendants.** | ) |

### PETITION

1.      On February 14, 2020, Justin Layton was walking along 39th Street in Independence, Jackson County, Missouri, minding his own business, when he was stopped, without probable cause, by Independence Police Department Officer Tanner Philip.

2.      During the stop, the individually sued Defendant officers not only senselessly tased, tackled, choked, beat and rammed Layton's head into the cold steel door of a paddy wagon, Layton was also racially branded by Independence police officers who repeatedly called him a "nigger." At the time, he was known to be defenseless.

3.      This action seeks redress for the violations of the rights guaranteed to Justin Layton by the Fourth and Fourteenth Amendments to the United States Constitution, as well as violations of state law by the named Defendants.

### NATURE OF THE ACTION

4.      Layton brings this action under 42 U.S.C. § 1983 for deprivation of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

**EXHIBIT**

2

5. Layton also seeks redress of the assault, negligent injury, and intentional infliction of emotional distress perpetrated on him by Defendants.

### JURISDICTION AND VENUE

6. Pursuant to R.S.Mo. § 506.500.1(3), this Court has jurisdiction because Plaintiff's injuries and the torts alleged herein occurred in the State of Missouri.

7. Venue is proper in this Court because, pursuant to R.S.Mo. § 508.010, all incidents, events and occurrences giving rise to this action occurred in Jackson County, Missouri.

8. This Court has personal jurisdiction over each of the Defendants because each of the individual Defendants are Missouri citizens and Defendant City of Independence, Missouri is a municipal entity in Jackson County, Missouri.

9. At all pertinent times, Defendant City of Independence, Missouri purchased liability insurance for tort claims and has accordingly waived sovereign immunity as to any such claim up to the maximum amount of such insurance.

### PARTIES

10. Plaintiff Justin Layton ("Layton") is a resident of Kansas City, Missouri. Layton was assaulted by Defendants and/or their agents, subjecting him to injuries and damages as described herein. Layton sues Defendants for the violations of his rights under federal and state law.

11. The City of Independence, Missouri ("Independence") is a municipality in Jackson County, Missouri and can be served at Eileen Weir, Mayor, City Hall, 111 E. Maple, Independence, MO 64050. The Independence Police Department ("IPD") is an agency of the City of Independence. The IPD is responsible for the actions, omissions, policies, procedures, practices, and customs of its employees. At all relevant times, the

2

City of Independence was responsible for ensuring that the actions, omissions, policies, procedures, practices and customs of the IPD and its departments, employees, and agents complied with both state and federal law.

12.     Defendant Brad Halsey ("Halsey") is the Chief of Police for the Independence Police Department and an employee for the City of Independence, Missouri. Chief Halsey holds the highest position in the IPD and is/was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all IPD employees and/or agents. Chief Halsey, therefore, is a final policy maker. He is liable both directly and vicariously for the actions complained of herein. He was acting under color of law, and in the course and scope of his employment at all times pertinent. Chief Halsey may be served with process at the Independence Police Department, 223 N. Memorial Drive, Independence, Missouri 64050

13.     Defendant Tanner Philip ("Philip") is a police officer employed by the Independence Police Department. As such, he is a duly appointed agent authorized to enforce the laws of the State of Missouri and the municipal codes of Independence, Missouri, and acted under color of law and in the scope of his employment at all times relevant to this action. Philip may be served with process at the Independence Police Department, 223 N. Memorial Drive, Independence, Missouri 64050.

14.     Defendant Logan Dale ("Dale") is a police officer employed by the Independence Police Department. As such, he is a duly appointed agent authorized to enforce the laws of the State of Missouri and the municipal codes of Independence, Missouri, and acted under color of law and in the scope of his employment at all times relevant to this action. Dale may be served with process at the Independence Police Department, 223 N. Memorial Drive, Independence, Missouri 64050.

3

15.    Defendant Taylor Cox ("Cox") is a police officer employed by the Independence Police Department. As such, he is a duly appointed agent authorized to enforce the laws of the State of Missouri and the municipal codes of Independence, Missouri, and acted under color of law and in the scope of his employment at all times relevant to this action. Cox may be served with process at the Independence Police Department, 223 N. Memorial Drive, Independence, Missouri 64050

16.    Defendant Lacy Gibson ("Lacy") is a police officer employed by the Independence Police Department. As such, he is a duly appointed agent authorized to enforce the laws of the State of Missouri and the municipal codes of Independence, Missouri, and acted under color of law and in the scope of his employment at all times relevant to this action. Gibson may be served with process at the Independence Police Department, 223 N. Memorial Drive, Independence, Missouri 64050.

17.    All Defendants in each count acted together and in concert in the actions which caused harm to Plaintiff, and are therefore jointly and severally liable, or in solido, for Plaintiff's injuries.

**STATEMENT OF FACTS**

18.    On February 14, 2020, Philip was on patrol in Independence, Missouri.

19.    Shortly before 11 p.m., Philip was traveling westbound on 39th Street when he saw Layton, a Black male, walking eastbound along the public sidewalk.

20.    At the time, Layton and Philip were both approaching the intersection of Lee's Summit Road and 39th Street from opposite directions.

21.    The intersection is controlled by a traffic control device, including a signal for pedestrians.

4

22. When the traffic signal turned green, Layton and Philip both crossed Lee's Summit Road, passing each other.

23. As Philip drove through the intersection, he allegedly became suspicious of Layton because purportedly looked down and to the west. In his report, Philip stated that Layton's act was "purposeful" and that he was intentionally "hid[ing] his face."

24. According to Philip's report, "prowlers will commonly wear dark clothing, carry bags to conceal and carry stolen merchandise and burglary tools, and attempt to cover their faces so to not be identified by witness' (sic) or security cameras."

25. After crossing the intersection, Philip made an immediate U-turn on 39th Street and began heading east.

26. As Philip reapproached the intersection, he alleges that, even though the traffic signal was still green, Layton, who had almost made it through the intersection at this point, was crossing Lee's Summit Road against the pedestrian control signal, which was displaying a solid orange hand, meaning "Don't Cross."

27. At the time, it was approximately 27 degrees Fahrenheit with wind gusts of up to 14 miles per hour.

28. After crossing Lee's Summit Road, Layton continued eastbound on 39th Street. But, due to the frigid weather conditions, he decided to walk to his mother's house, which was several blocks away down Lee's Summit Road, and turned around.

29. Meanwhile, Philip proceeded through the intersection again and pulled another U-turn on 39th Street to stop Layton for "jaywalking."

30. Philip pulled up to the curb, behind Layton, flipped on his lights, and stepped out of his patrol vehicle. Philip, without identifying himself, called out, "Hey stop, bro. Stop, bro. You're being detained. Stop."

31.     But Layton, who was now walking back toward Lee's Summit Road and talking to his sister on his cellphone, was unaware of Philip's presence and continued walking eastbound on 39th Street before turning right onto Lee's Summit Road to go to his mother's house.

32.     When Layton did respond to his commands, Philip returned to his patrol car, turned right onto Lee's Summit Road, and pulled over to stop Layton.

33.     Attempting to seize Layton for "jaywalking," Philip again approached Layton from behind and commanded him to stop as he was under arrest.

34.     Not surprisingly, Layton was confused, having no idea why he was being stopped, and fumbled with his cell phone as he tried to put it into the front pocket of his hoodie.

35.     As Layton was putting his phone away, Philip tased him. At no time did Layton threaten or pose a threat to Layton.

36.     When the taser appeared to have no effect on Layton, Philip rushed Layton from behind, tackled him and knocked him to the ground on his stomach.

37.     Philip then jumped on Layton's back and placed an illegal chokehold on him, constricting his airways and making it difficult for him to breathe or speak.

38.     As Layton struggled to breath, he tried to push himself up off the ground so he could breathe.

39.     Soon after tackling and placing Layton into a chokehold, Officers Dale and Cox arrived to assist Philip.

40.     Dale and Cox ran out of their patrol vehicles and jumped on Layton's lower back and legs. Dale placed Layton in ankle restraints.

41.     With Layton restrained, Philip, Dale and Cox moved him to the sidewalk.

6

42.    Officer Gibson arrived to assist Philip with the unlawful arrest of Layton.

43.    Gibson assisted Philip in handcuffing Layton.

44.    After being handcuffed with his arms behind his back, another unidentified officer stood behind Layton, placing his foot on the handcuffs and driving his knee into Layton's back as he further restrained Layton by using his hoodie as a leash, cinching it tightly around his neck, making it difficult for him to breathe or speak.

45.    As the officer restrained Layton, who was still sitting on the sidewalk, several officers stood around him, joking and repeatedly uttering racial epithets.

46.    Eventually, Layton was carried by Philip, Dale and Cox to a transport wagon.

47.    Gibson opened the doors to the transport wagon and stepped aside to allow the other officers to put Layton into the cage.

48.    As Philip, Dale or Cox hoisted Layton into the transport wagon, they rammed his head into the metal cage, causing a laceration.

49.    At no point did Dale, Cox and Gibson prevent or attempt to prevent Philip from the unlawful arrest of Plaintiff.

50.    Philip initiated charges against Plaintiff for a vague traffic infraction, interference with a law enforcement officer and possession of a controlled substance.

51.    Layton suffers from epilepsy, ironically a result of a prior incident where the Independence Police Department assaulted him.

52.    To control his epilepsy, Layton takes prescription medication, including Brivisat, which is the substance Philip believed was illegal for Plaintiff to possess.

53.    Plaintiff was also issued a citation for pedestrian crossing a roadway improperly.

54.     At the time of this incident, Plaintiff was unarmed and no match for three grown armed officers.

55.     Notably, despite the reports of Plaintiff allegedly "actively resisting" arrest, no officers were injured at all in this attack. Nor were there any reports that Layton threatened the officers or that he posed a threat to them at all.

56.     All the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally protected rights and were done pursuant to the preexisting and ongoing deliberatively indifferent official custom, practice, decision, policy, training and supervision of the Defendant City and Defendant Halsey acting under color of state law.

57.     With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Halsey have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

      a. Failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

      b. By failing to adequately punish unconstitutional uses of force;

      c. By tolerating the use of unconstitutional force;

      d. By ongoingly failing to investigate citizen complaints of excessive force properly or neutrally; and

      e. By tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

58.     It is the longstanding widespread deliberately indifferent custom, habit, practice, and/or policy of the Defendant City, Defendant Halsey and the Independence

Police Department to permit police officers to use excessive force against individuals when such is force unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

59. With deliberate indifference to the rights of citizens to be free from racism in law enforcement, Defendant City, Defendant Halsey and the Independence Police Department have ongoingly encouraged, tolerated, ratified, and acquiesced to police racism by:

   a. Failing to conduct sufficient training with respect to the rights of citizens to be free from racism in law enforcement;

   b. By failing to adequately punish race-based law enforcement actions;

   c. By ongoingly tolerating racism, slurs, and raced-based selective law enforcement among the police force and in police decisions;

   d. By enforcing laws, such as jaywalking, that are widely known to be enforced in biased and arbitrary ways that disproportionately affect people of color[1]; and

   e. By failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race-based animus, and toleration of collusive statements by involved officers in such situations.

60. It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of Defendant City, Defendant Halsey and the Independence Police

_____

[1] Notably, the City of Kansas City, Missouri, Virginia and Nevada have all decriminalized jaywalking statutes due to the disproportionate enforcement of such laws against people of color. For example, between 2018 and 2020, Kansas City issued 123 jaywalking tickets, 65 percent of which were written to Black people. And, according to the United States Department of Justice, between 2011 and 2013, Black people in Ferguson, Missouri received 95 percent of jaywalking tickets.

Department to permit police officers to use race and race-based animus as motivating factors in police decisions and actions, as well as fail to supervise and to train officers in the rights of citizens to be free from such race-based decision making in law enforcement.

61.     With deliberate indifference to the rights of citizens to be from malicious prosecution, Defendant City, Defendant Halsey and the Independence Police Department have ongoingly encouraged, tolerated, ratified, and acquiesced to the malicious prosecution of and cover up efforts by police officers by failing to investigate citizen complaints of police misconduct, instead accepting police accounts of events without question and rubber stamping through Internal Affairs any police account given.

62.     It is the longstanding widespread custom, habit, practice and/or policy of Defendant City, Defendant Halsey and the Independence Police Department to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

63.     Despite Plaintiff complaining of racism and racist behavior by Defendants Philip, Cox, Dale and Gibson, Plaintiff's complaints of racism were not even mentioned in the IDP's formal determination concluding that the officers acted pursuant to policy.

64.     For example, Front Line Supervisor Sergeant R. Romney wrote in his report that Officer Philip did not use any neck restraint on Plaintiff even though IPD dashcam video clearly shows Philip on Plaintiff's back with his arm around his neck.

65.     Similarly, Bureau Commander Ken Jarnigan wrote in his report that Defendant Philip "advised that he did not use an LVNR [lateral vascular neck restraint] or other neck restraint, and based on his description, it is apparent that he utilized a shoulder pin technique to control Mr. Layton" – despite video dashcam footage showing Philip using a neck restraint on Plaintiff.

10

66.     Likewise, Division Commander Major Mark Kelsey wrote in his report that Defendant Philip "had his arm wrapped around [Plaintiff] like a seatbelt" and opined that Layton probably couldn't breathe because he had snow in his mouth and nostrils, not because Philip was on his back choking him.

67.     Thus, Defendant Philip was exonerated, and his actions were found to be "justified, lawful and proper."

68.     These final policy decisions by Internal Affairs, in its role as the final delegated policy decision maker with respect to reviewing police misconduct, create liability for Defendant City and Defendant Halsey. They are also further evidence of the ongoing deliberately indifferent custom, habit, policy, decision, practice, training and supervision of the Independence Police Department, Defendant City, and Defendant Halsey of tolerating and encouraging lawlessness and disregard for the federal and state rights of citizens among IPD officers, employees and/or agents.

69.     On information and belief, before and since this event, Internal Affairs has unfounded other complaints of racism, excessive force and outrageous actions by law enforcement without serious investigation and to provide cover up support to members of the force violating the constitutional and statutory rights of citizens.

70.     On information and belief, because of this utter failure of supervision and oversight, other members of the public have been hurt by Independence Police Department officers, who have been the subject of citizen complaints both prior to and after February 14, 2020.

71.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and

disfigurements, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional conduct of all these Defendants.

72.　　Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD-type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares, and flashbacks from being beaten like this.

**COUNT I – Excessive Force**
**(Officers Philip, Cox and Dale)**

73.　　Plaintiff realleges and incorporates by reference the allegations set forth above.

74.　　42 U.S.C. 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

75.　　Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. 1983.

76.　　All individual Defendants to this claim were acting under the color of state law in their capacity as Independence, Missouri police officers and their acts or omissions were conducted within the scope of their official duties or employment.

77.　　At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

12

78.   Plaintiff also had a clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

79.   Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

80.   Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

81.   Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

82.   Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably retraining Plaintiff of his freedom.

83.   The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

84.   None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers, despite being in a position to do so. They are each therefore liable for the injuries and damage resulting from the objectively unreasonable and conscience shocking force of each other officer.

13

85.     Defendants engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

86.     They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

87.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

88.     These individual Defendants acted in concert and joint action with each other.

89.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

90.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

91.     At no time did Plaintiff threaten or pose a threat of immediate or imminent bodily harm or injury to any of the individual Defendants or anyone else.

92.     The Defendants to this claim at all relevant times were acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

93.     As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further

medically and other special damages related expenses, and amounts to be established at trial.

94.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, prejudgment interest and costs as allowable by federal law.

95.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff Justin Layton requests that he be awarded actual and punitive damages, together with his attorneys' fees pursuant to 42 U.S.C. § 1988(b), the costs of this action, and such other and further relief as this Court deems just, against the individual Defendants to this claim.

## COUNT II – Racial Discrimination
### (Officers Philip, Cox and Dale)

96.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set for the herein.

97.     42 U.S.C. 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

98.     Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. 1983.

15

99.     All individual Defendants to this claim at all times relevant hereto were acting under the color of state law in their capacity as Independence, Missouri Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

100.    42 U.S.C. 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

101.    Plaintiff, an African American, is a member of a protected class, and thus also had the clearly established statutory right, under the provision of 42 U.S.C. 1981, to be free from racially motivated beatings, arrests, searches and the filing of false charges.

102.    Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

103.    Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Section 1981.

104.    Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Layton's federally protected rights.

105.    These acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

106.     These individual Defendants acted in concert and joint action with each other.

107.     These acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him damages.

108.     Defendants are not entitled to qualified immunity for the complained of conduct.

109.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

110.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

111.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff Justin Layton requests that he be awarded actual and punitive damages, together with his attorneys' fees pursuant to 42 U.S.C. § 1988(b), the costs of this action, and such other and further relief as this Court deems just, against the individual Defendants to this claim.

**COUNT III – *Monell* Liability for Failure to Establish Policies, Customs, or Practices that Subjected Members of the Public to Excessive Uses of Force**

**Under the Fourth and Fourteenth Amendment, Failures to Train and
Supervise, and Failures to Intervene, Pursuant to 42 U.S.C. § 1983
(Defendants City of Independence, Missouri and Chief Halsey)**

112.    Plaintiff realleges and incorporates by reference the allegations set forth

above.

113.    42 U.S.C. 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to
be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress...

114.    Plaintiff in this action is a citizen of the United States and Defendants to this

claim are persons for purposes of 42 U.S.C. 1983.

115.    The Defendants to this claim, at all times relevant herein, were acting under

the color of state law.

116.    Plaintiff had the following clearly established rights at the time of the

complained of conduct:

    a.  the right to be secure in his person from unreasonable seizure through

        excessive force, under the Fourth Amendment;

    b.  the right to bodily integrity and to be free from excessive force by law

        enforcement under the Fourteenth Amendment; and

    c.  the right to be free from discrimination by police under the Equal

        Protection Clause of the Fourteenth amendment and under 42 U.S.C. §

        1981.

117.    Defendants knew or should have known of these rights at the time of the

complained of conduct, as they were clearly established at that time.

118.     The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

119.     The acts or omissions of these Defendants, as described herein, intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

120.     Defendants are not entitled to qualified immunity for the complained of conduct.

121.     Defendant Halsey was, at all times relevant herein, a policy maker for the City of Independence and the Independence Police Department, and in that capacity, established policies, procedures, customs, and/or practices for the same.

122.     The Defendants in this claim developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights, as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

123.     Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained longstanding, department-wide customs, law enforcement-related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

124.     In light of the duties and responsibilities of those police officers that participate in arrests, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of

19

Electronically Filed - Jackson - Independence - February 07, 2022 - 10:37 AM

constitutional and federal rights, such as those described herein, that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

125.    The deliberately indifferent training and supervision provided by these Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

126.    For example, Defendants maintain a policy of profiling minorities under the auspices of "Hot Map" designations that attempt to supply probable cause to seize individuals in neighborhoods where they do not belong.

127.    These "Hot Maps" provide a method of seizing individuals without any particularized suspicion of illegal activity.

128.    The Independence Police Department extensively uses "Hot Map" designations to avoid the requirement that an arresting officer have probable cause that a crime is being committed.

129.    The policy has a disparate impact on minorities in the community and Plaintiff was damaged by the "Hot Map" designation by Philip using that designation to justify his seizure of Plaintiff.

130.    As a result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses, as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

131.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to

incur further medically and other special damages related expenses, and amounts to be established at trial.

132.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, prejudgment interest and costs as allowable by federal law.

133.     Finally, plaintiff seeks appropriate declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983 to redress Defendants above-described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of Internal Affairs of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

WHEREFORE, Plaintiff Justin Layton requests that he be awarded actual and punitive damages, together with his attorneys' fees pursuant to 42 U.S.C. § 1988(b), the costs of this action, injunctive and declaratory relief, and such other and further relief as this Court deems just.

### COUNT IV — BATTERY
### (Officers Philip, Dale, Cox and Gibson)

137.     Plaintiff realleges and incorporates by reference the allegations set forth above.

138.     The actions of Officer Philip in tasing, tackling and forcibly restraining Layton when he did not have a reasonably objective belief that:

   a. Layton was engaged in, or about to engage in, any illegal activity;

   b. Layton was obstructing, or about to obstruct, law enforcement officers in the legitimate performance of their duties; or

     c. Layton posed an imminent threat to Philip or anyone else, caused Layton to suffer physical and emotional injuries.

139. On or around February 14, 2020, when Philip tased Layton, hit him in back, tackled him, knocked him to the ground, placed him in a chokehold and forcibly restrained him with Dale and Cox, they did so willingly, knowingly, and intentionally.

140. On or around February 14, 2020, when Philip tased Layton, hit him in back, tackled him, knocked him to the ground, placed him in a chokehold and forcibly restrained him with Dale and Cox, they did so in the course and scope of his employment by the Independence Police Department.

141. Further, Defendants rammed or failed to prevent others from ramming Layton's head into the transport vehicle, causing a gash in Layton's forehead that required immediate medical treatment.

142. As a direct and proximate result of Defendants' acts and omissions, Layton suffered extreme physical, emotional and psychological anguish.

WHEREFORE, Plaintiff Justin Layton requests that he be awarded actual and compensatory damages, together with the costs of this action, and such other and further relief as this Court deems just, against Defendants Philip, Dale, Cox and Gibson.

## COUNT V — ASSAULT
### (Officers Philip, Dale, Cox and Gibson)

143. Plaintiff realleges and incorporates by reference the allegations set forth above.

144. The actions of Officer Philip in tasing, tackling and forcibly restraining Layton when he did not have a reasonably objective belief that:

     a. Layton was engaged in, or about to engage in, any illegal activity;

22

b. Layton was obstructing, or about to obstruct, law enforcement officers in the legitimate performance of their duties; or

c. Layton posed an imminent threat to Philip or anyone else, caused Layton to suffer physical and emotional injuries.

145.    On or around February 14, 2020, when Philip tased Layton, hit him in back, tackled him, knocked him to the ground, placed him in a chokehold and forcibly restrained him with Dale and Cox, they did so willingly, knowingly, and intentionally.

146.    On or around February 14, 2020, when Philip tased Layton, hit him in back, tackled him, knocked him to the ground, placed him in a chokehold and forcibly restrained him with Dale and Cox, they did so in the course and scope of his employment by the Independence Police Department.

147.    Further, Defendants rammed or failed to prevent others from ramming Layton's head into the transport vehicle, causing a gash in Layton's forehead that required immediate medical treatment.

WHEREFORE, Plaintiff Justin Layton requests that he be awarded actual and compensatory damages, together with the costs of this action, and such other and further relief as this Court deems just, against Defendants Philip, Dale, Cox and Gibson.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

**PROTZMAN LAW FIRM, LLC**

*/s/ Benjamin Stelter-Embry*
Benjamin Stelter-Embry    MO #65404
4001 W. 114th Street, Suite 110
Leawood, Kansas 66211
P: (816) 421-5100 | F: (816) 421-5105

Email: ben@protzmanlaw.com

**COUNSEL FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

JUSTIN LAYTON,

**PLAINTIFF(S),**

VS.

CASE NO. 2216-CV02305
DIVISION 17

CITY OF INDEPENDENCE, MISSOURI,

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CORY LEE ATKINS** on **31-MAY-2022** in **DIVISION 17** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.     A trial setting;

b.     Expert Witness Disclosure Cutoff Date;

c.     A schedule for the orderly preparation of the case for trial;

d.     Any issues which require input or action by the Court;

e.     The status of settlement negotiations.

Case 4:22-cv-00202-SRB   Document 1-2   Filed 03/25/22   Page 25 of 44

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ CORY LEE ATKINS
CORY LEE ATKINS, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
BENJAMIN ALLEN STELTER-EMBRY, PROTZMAN LAW FIRM, 4001 W. 114TH STREET, SUITE 110, LEAWOOD, KS 66211

Defendant(s):
CITY OF INDEPENDENCE, MISSOURI
BRAD HASLSEY
TANNER PHILIP
LOGAN DALE
TAYLOR COX
LACY GIBSON

Dated: 09-FEB-2022

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| **vs.** | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CITY OF INDEPENDENCE, MISSOURI
**Alias:**

CITY HALL
111 E. MAPLE
INDEPENDENCE, MO 64050

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

---

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-857** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00202-SRB   Document 1-2   Filed 03/25/22   Page 27 of 44

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TAYLOR COX
**Alias:**
INDEPENDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050



*COURT SEAL OF*

*JACKSON COUNTY*

 You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-861** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00202-SRB   Document 1-2   Filed 03/25/22   Page 29 of 44

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS  66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: LOGAN DALE
                    Alias:
INDEPENDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO  64050



*COURT SEAL OF*

*JACKSON COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   09-FEB-2022
   Date

   Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____                    _____
                                Date                                      Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-860**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00202-SRB   Document 1-2   Filed 03/25/22   Page 31 of 44

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** LACY GIBSON
**Alias:**
INDEPEDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050



*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server          Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                 Date                                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-862**  1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00202-SRB   Document 1-2   Filed 03/25/22   Page 33 of 44

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County


6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

*vs.*

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** BRAD HASLSEY
**Alias:**
INDEPEDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050



*COURT SEAL OF*

*JACKSON COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

<u>09-FEB-2022</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-858** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**SUMMONS/GARNISHMENT SERVICE PACKETS**
**ATTORNEY INFORMATION**

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                               Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>vs.      LEAWOOD, KS 66211 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TANNER PHILIP
                **Alias:**
**INDEPENDECE POLICE DEPARTMENT**
**223 MEMORIAL DRIVE**
**INDEPENDENCE, MO 64050**



*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

     09-FEB-2022                          _____
           Date                                      Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                  _____
    Printed Name of Sheriff or Server                   Signature of Sheriff or Server

*(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____          _____
                                       Date                                Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-859**   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00202-SRB    Document 1-2    Filed 03/25/22    Page 37 of 44

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: CITY OF INDEPENDENCE, MISSOURI

CITY HALL
111 E. MAPLE
INDEPENDENCE, MO 64050

Alias:
Tome

**COURT SEAL OF**
CIRCUIT COURT OF MISSOURI
**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date

Clerk

Further Information:

Sheriff's or Server's Return

## PUBLIC OR QUASI-PUBLIC CORPORATION OR BODY

I certify that I have served the within summons in Jackson County, Missouri, upon the within named public or quasi-public corporation or body, defendant CITY OF INDEPENDENCE
by leaving a copy of the summons and a copy of the petition with:

COUNTY:
CLERK OF THE JACKSON COUNTY LEGISLATURE
☒ CITY: ERIN STRINK ASST CITY CLERK
☐ MAYOR ☒ CITY CLERK ☐ CITY ATTORNEY
☐ CHIEF EXECUTIVE OFFICER
☐ OTHER: _____
☐ STATED HE WAS LAWFULLY DESIGNATED TO RECEIVE SERVICE

Place of Service 111 E Maple Indep MO
Date of Service 2/28/22
Time of Service 1008 AM

**DEPARTMENT OF CIVIL PROCESS**
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
BY: _____ DEPUTY

CIRCT 3055- 12/13

Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $.____ per mile)
Total $_____
A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 22-SMCC-857 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TAYLOR COX
Alias:
INDEPEDECE POLICE DEPARTMENT        Tobie
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050

COURT SEAL OF        You are summoned to appear before this court and to file your pleading to the petition, a copy of
which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the
above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to
file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

JACKSON COUNTY

09-FEB-2022
Date

_____
Clerk

Further Information:

Sheriff's or Server's Return

## RETURN

I hereby certify that I have delivered copies of the within summons and petition in Jackson County,
Missouri to *Taylor Cox* *to Cheryl Cunningham* _____ as requested by the attorney for plaintiff.
*Records Technician*

Place of Delivery: *223 Memorial Dr Indep MO*

Date of Delivery: *2/28/22*

Time of Delivery: *925 AM*

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____
DEPUTY

**CIRCT 3000- 12/13**

| Sheriff's Deputy Salary | | |
|---|---|---|
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) | |
| **Total** | $ _____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see
Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-861** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

3/LI

| | |
|---|---|
| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: LOGAN DALE

Alias:

INDEPEDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050

_Tobie_



COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date

_____ Clerk

Further Information:

## RETURN

I hereby certify that I have delivered copies of the within summons and petition in Jackson County, Missouri to _Logan Dale + Cheryl Cunningham_ as requested by the attorney for plaintiff.

_Records technician_

Place of Delivery: _223 Memorial Dr Indep MO_

Date of Delivery: _2/28/22_

Time of Delivery: _9:32 AM_

**DEPARTMENT OF CIVIL PROCESS**
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____
DEPUTY

**CIRCT 3000- 12/13**

| | |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| Total | $ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 22-SMCC-860  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

3/1



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: LACY GIBSON
Alias:

INDEPENDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050          *Tobie*

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date                                          Clerk

JACKSON COUNTY          Further Information:

## RETURN

I hereby certify that I have delivered copies of the within summons and petition in Jackson County, Missouri to *Lacy Gibson c/o Cheryl Cunningham Records Technician* as requested by the attorney for plaintiff.

Place of Delivery: *223 Memorial Dr Indep MO*

Date of Delivery: *4/28/22*

Time of Delivery: *945 AM*

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY

DEPUTY

CIRCT 3000- 12/13

| | |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-862** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CORY LEE ATKINS | **Case Number:** 2216-CV02305 |
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>LEAWOOD, KS 66211 |
| vs. | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: BRAD HASLSEY
Alias: Tobie

INDEPENDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date _____ Clerk

Further Information:

Sheriff's or Server's Return

## RETURN

I hereby certify that I have delivered copies of the within summons and petition in Jackson County, Missouri to _Brad Haslsey c/o CHERYL Cunningham_ _Records Technician_ as requested by the attorney for plaintiff.

Place of Delivery: _223 MEMORIAL DR. Indep MO_

Date of Delivery: _2/8/22_

Time of Delivery: _9:40 am_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____
**DEPUTY**

**CIRCT 3000- 12/13**

| | | |
|---|---|---|
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |
| A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54. | | |

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-858** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

3/
6

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| | |
|---|---|
| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV02305 |
| Plaintiff/Petitioner:<br>JUSTIN LAYTON | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM<br>4001 W. 114TH STREET<br>SUITE 110<br>vs. LEAWOOD, KS 66211 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TANNER PHILIP
Alias:

INDEPENDECE POLICE DEPARTMENT
223 MEMORIAL DRIVE
INDEPENDENCE, MO 64050

*Tobie*

COURT SEAL OF

CIRCUIT COURT OF MISSOURI

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-FEB-2022
Date

_____
Clerk

Further Information:

## RETURN

I hereby certify that I have delivered copies of the within summons and petition in Jackson County, Missouri to *TANNER PHILIP Ys CHERYCunningham* as requested by the attorney for plaintiff. *Records Technician*

Place of Delivery: *223 Memorial DR Indep Mo*

Date of Delivery: *2/18/22*

Time of Delivery: *950 AM*

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____
DEPUTY

**CIRCT 3000- 12/13**

| | |
|---|---|
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only: Document Id # 22-SMCC-859* 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo